**Exhibit B**

| | |
|---|---|
| District Court, Denver County, Colorado<br>Court Address: 1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br><br>_____<br>Plaintiff(s): Brian William Wallace fka Brian Edmond Bath,<br>on behalf of himself and all other similarly situated<br>individuals;<br><br>v.<br><br>Defendant(s):<br>2020 Financial Consulting, Inc, dba 2020 Tax Resolution;<br>And Nationwide Tax Experts; and<br>Lifeback Tax Services Inc., | 19 APR 16  PM 12: 00<br>DATE FILED: April 16, 2019<br>CASE NUMBER: 2019CV216<br><br>COURT USE ONLY<br><br>▲                    ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>Brian William Wallace<br>Postal Service Address<br>5994 S Holly Street, Suite # 244<br>Denver, Colorado 80111<br><br>Phone Number: (303) 517 1360<br>Email: bwallace2012@aol.com<br>FAX Number:   N/A          Atty. Reg. #: | Case Number:<br><br>19CV216<br><br>Division:<br><br>368 |

## PRIVATE CLASS ACTION CLAIM

The Plaintiff, Brian William Wallace, brings this Private Class Action Claim against 2020 Financial Consulting, Inc, Nationwide Tax Experts., and Lifeback Tax Services Inc, he and the Class, allege as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff brings this *Private Claims for Unfair or Deceptive Trade Practices Under the Colorado Consumer Protection Act, ("CCPA")* against "2020 Financial Consulting, Inc, Nationwide Tax Experts., and Lifeback Tax Services Inc", to obtain relief for himself and the class he proposes to represent for the Defendant's willful, knowledgeable violations of the,*("CCPA")*,C.R.S. § 6-1-101, et seq., and 15 U.S.C. 1601 - 1167f as amended.

## JURISDICTION

2. The jurisdiction of this Court is conferred by the Colorado Consumer Protection Act, 6-1-102.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

## PARTIES

4. The Plaintiff, Brian William Wallace ("Plaintiff"), is a natural person and a consumer as defined by C.R.S.§ 6-1-102, 'Definitions".

5. Upon information and belief, 2020 Financial Consulting, Inc., ("hereafter, 2020") is a corporation authorized to do business in the State of Colorado through its registered agent, Mr. Robert Mendel, located, 121 Antler Drive, Boulder, CO 80302, United States.

6. Upon information and belief, Nationwide Tax Experts ("hereafter, Nationwide") is a corporation **_NOT_** authorized to do business in the State of Colorado. its registered agent, Mr. Scott Shapiro; located, 15233 Ventura Boulevard, # 420, Sherman Oaks, CA 91403, United States.

7. Upon information and belief, Lifeback Tax Services Inc., ("hereafter, Lifeback") is a corporation **_NOT_** authorized to do business in the State of Colorado. its registered agent, Naeem Niamat; located, 21004 Nordhoff Street, # B, Chatsworth, CA 91311, United States.

8. Defendant, "2020", is a person as defined by C.R.S 6-1-102 (1)(6)(8), "Person" means an individual, corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity.

9. Defendant, "Nationwide", is a person as defined by C.R.S 6-1-102 (1)(6)(8), "Person" means an individual, corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity.

10. Defendant, "Lifeback", is a person as defined by C.R.S 6-1-102 (1)(6)(8), "Person" means an individual, corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity.

11. Upon information and belief, Defendant, "2020", with unlawful, fraudulent intent, had knowledge in its violation 15 U.S. Code § 1644 (c). "Fraudulent use of credit cards".

12. Upon information and belief, Defendant, "Nationwide", with unlawful or fraudulent intent, had knowledge in its violation 15 U.S. Code § 1644 (c). "Fraudulent use of credit cards".

13. Upon information and belief, Defendant, "Lifeback, with unlawful or fraudulent intent, had knowledge in its violation 15 U.S. Code § 1644 (c). "Fraudulent use of credit cards".

## THE NAMED DEFENDANT'S CONDUCT WAS WILLFUL

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

14. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15. The Named Defendants are well aware of its obligations under the Colorado Consumer Protection Act while soliciting business in the State of Colorado

16. The Named Defendants knew about its legal obligations and these obligations are well established in the plain language of the CCPA.

17. Additionally, the Named Defendants obtained or had available substantial written materials that apprised it of its duties under the CCPA.

18. Despite knowing of these legal obligations, the Named Defendants acted consciously in breaching its known duties and deprived the Plaintiff and other putative class members of their rights under the CCPA.

19. At all times pertinent hereto, Named Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for the Colorado consumer's rights as set forth under section CCPA 6-1-105 and further assumed an unjustifiably high risk of harm under CCPA section 6-1-113.

20. Named Defendant's conduct was not a mere mistake or accident. Instead, it was the intended result of its standard operating procedures.

21. Named Defendants did so even though they have been sued repeatedly for failing to adopt reasonable procedures to timely gather and report updated public record information.
See, e.g., Ripoff report: Report: #589383, 2020 Financial Consulting
See, 20/20 Financial Consulting, Inc. v. John Does (1:10-cv-01006-CMA-KMT)
See, Viamedia Vs. National Tax Experts, Los Angeles County Superior
Courts on 10/18/2016

22. Finally, Named Defendants have been sued repeatedly for failing to conduct a reasonable reinvestigation in response to a consumer's dispute to determine whether the disputed information was inaccurate and particularity fraudulent

23. Accordingly, the Defendant's violations of 15 U.S.C. § 1640(B), and 6-1-105 (a)(1)(u) were willful and it is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1632 (e) and 6-1-113 (a) (2).

24. On or about the 4th of April, 2019, Plaintiff reviewed a letter sent from a company calling itself, "2020 Tax Resolution"; stating the Plaintiff has a federal tax lien filed against Plaintiffs assets on April 2, 2019. To Plaintiff knowledge and belief this is false.

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

25. On or about the 29th of March 2019, Plaintiff reviewed a letter sent from a company calling itself, "Nationwide tax Experts dba The Tax Group"; stating the Plaintiff has a federal tax lien amount of 22,824.00. To Plaintiff knowledge and belief this is false.

26. On the 9th day of April 2019, Plaintiff contacted Nationwide Tax Experts, and spoke to Robert Humphrey, who stated Plaintiff has numerous liens in Wisconsin and Colorado; to Plaintiff knowledge and belief this is false.

27. On or about the 6th of March 2019, Plaintiff reviewed a letter sent from a company calling itself, "Lifeback Tax"; stating the Plaintiff has a federal tax lien amount of 136,437.00. To Plaintiff knowledge and belief this is false.

### Count I:  Violation of 15 U.S.C. § 1637 (3), and 6-1-105 (a)(1)(u)
### Class Claim

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class defined as follows:

30. All natural persons residing in the Tenth Circuit (a) who possess a Credit Card from Capital One  or any of its affiliated companies, subsidiaries, or any other Named Defendants  entity, (b) within five years preceding the filing of this action and during its pendency, Excluded from the class definition are any employees, officers, or directors of Named Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

31. Plaintiff incorporates his prior allegations and estimates that the class is so numerous that joinder of all members is impractical.  Although the precise number of Class members is known only to Named Defendants who sends tens of thousands of consumer file disclosures per year and Named Defendants 's uniform practice and procedure is to always omit the Case true source of its public records information from such disclosures.

32. Accordingly, Plaintiff estimates that the class size numbers in the thousands.

33. Plaintiff's is in possession of his consumer credit card statement that Capital One sent to him in response to his request for an investigation. None of these letters or consumer files contains the actual source of the information that it reported about the Plaintiff and the putative class members. This omission has remained consistent and uniform across time, jurisdictions, and consumers.

34. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  For example, and without limitation: (a.) whether Named Defendants misrepresented the

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

investigation (b.) whether this failure was a result of Named Defendants standard operating procedure when responding to a consumer's request for a disputed account(s); (c.) whether Named Defendants 's conduct constituted a violation of the CCPA and Truth in Lending Act; (d.) whether Named Defendants 's conduct was willful; and (e.) the appropriate amount of statutory and/or punitive damages that are appropriate for such violation(s).

35. Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.  Named Defendants 's response to a consumer's request for a "dispute" of his or her consumer file routinely failed to include any information about the source of 'investigation" included on disclosures sent during the full class period. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claim rises or falls.

36. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff does not have any interests that might cause him to not vigorously pursue this action. The Plaintiff is aware of his responsibilities to the putative class and have accepted these responsibilities.

37. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

39. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that: As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

41. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

42. Plaintiff and the putative class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from the Named Defendants, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1640. In the alternative, the violation was negligent entitling the Plaintiff and the class to actual damages in the amount of the value of their consumer disclosure.

### Count II: Defamation  (Plaintiff v. 2020, Nationwide, and Lifeback)

43. . Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Defendants, 2020, Nationwide, and Lifeback, have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

45. The statements made by Defendants, 2020, Nationwide, and Lifeback, are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

46. Defendants, 2020, Nationwide, and Lifeback, knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

47. Nonetheless, Defendants, 2020, Nationwide, and Lifeback, continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

48. The written statements and publications constitute libel per se.

49. The oral statements and publications constitute slander per se.

50. Defendants, 2020, Nationwide, and Lifeback,'s, conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants, 2020, Nationwide, and Lifeback, are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief permitted under the law.

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

## Count III: Violations of Colorado Consumer Protection Act 6-1-105
### Individual Claim

51. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52. Upon information and belief, under C.R.S. rule 9(b) the Plaintiff states the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of the Named Defendants may be averred generally.

53. Upon information and belief, The deceptive or unfair trade practice occurred in the course of the Named Defendant's business, vocation, or occupation; Upon information and belief, the deceptive and unfair trade practices significantly impacted the Plaintiff and or consumer of the defendant's goods, services, or property;

54. Upon information and belief, The plaintiff suffered an injury in fact to a legally protected interest; and

55. Upon information and belief, The deceptive and unfair trade practice caused actual damages or losses to the plaintiff.
*See Rees v. Unleaded Software, Inc.*, 383 P.3d 20 (Colo. App. 2013).

56. As a result of the conduct, actions and inactions of Named Defendants , the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's credit damage, higher interest rates, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

57. Named Defendants conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 6-1-113 (a)(2).

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Named Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1640 B.

## Count II: Negligence (Plaintiff v. 2020, Nationwide, and Lifeback,)

59. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

60. Defendants,2020, Nationwide, and Lifeback:
(a) Violating the Colorado Consumer Protection Act as set forth above;
(b) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

(c) Failing to review all relevant information concerning Plaintiff's account that was sent to Defendants, 2020, Nationwide, and Lifeback,;

(d) Failing to report the results of investigations to the relevant consumer reporting agencies;

(e) Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendants, 2020, Nationwide, and Lifeback, originally furnished information;

(f) Failing to delete or correct the inaccurate information; and

(g) Failing to note the disputed status of the inaccurate information on all credit reports.

80. As a result of Defendants, 2020, Nationwide, and Lifeback, above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

81. The conduct of Defendants, 2020, Nationwide, and Lifeback, was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants, 2020, Nationwide, and Lifeback are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for his fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
All Rights Reserved

By _____
*Plaintiff*

Brian William Wallace
Postal Service Address
5994 South Holly Street
Suite 244
Greenwood Village, Colorado
U.S.A.        80111
(303) 517-1360 Telephone
E-mail:  bbath2012@aol.com

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April 2019, I mailed the foregoing to the Clerk of the
Court using the USPS.

All Rights Reserved

By _____

*Plaintiff*
Brian Edmond Bath

**EXHIBIT A | Declaration in Testimony for Brian Wallace.**